IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RAMONA RANDALL,**

        *Plaintiff,*

v.

**VOLVO CAR USA; PERFORMANCE
DODGE JEEP CHRYSLER RAM;
AUTOLIV; JOHN DOES (1-10),**

        *Defendants.*

CAUSE NO. 3:22-CV-414-CWR-FKB

**ORDER**

Before the Court are Performance Dodge Jeep Chrysler Ram's motions to compel arbitration and to strike Plaintiff's surreply, Docket Nos. 17 and 25, and Ramona Randall's motion for leave to file a surreply, Docket No. 26. Having reviewed the briefing and relevant case law, the matter is ready for adjudication.

**I.     Factual and Procedural History**

The allegations are drawn from the plaintiff's complaint. *See* Docket No. 1.

Beginning in November 2021, Ramona Randall experienced violent jerking from her 2015 Volvo S60 on two separate occasions. Following each experience, she took the vehicle to Performance Dodge Jeep Chrysler Ram ("Performance Auto"), a car dealership in Ferriday, Louisiana, where she had a full warranty, to have it checked for maintenance issues. On both occasions, service personnel examined the vehicle and informed Randall that there were no mechanical issues and that it was safe to drive.

Following the second visit, Randall experienced the jerking again and was involved in a life-altering accident in which the safety belt failed to latch. She was partially ejected from the vehicle. At the time of the accident, the safety belt was subject to recall for failure to latch.

In July 2022, Randall filed this action alleging negligent misrepresentation, negligence, product liability, gross negligence, breach of express warranties, and breach of implied warranty. Her complaint seeks actual damages, punitive damages, pre- and post-judgment interest, attorneys' fees, and filing costs. On September 12, Performance Auto filed a pleading which it docketed as "Answer to [1] Complaint with Jury Demand." *See* Docket No. 14.

On September 21, Performance Auto filed a motion to stay case and compel arbitration due to an arbitration clause in the Retail Installment Contract ("RISC"). Randall filed a response arguing that Performance Auto waived the arbitration clause by substantially invoking the judicial process to her detriment. Performance Auto filed a reply to the response, and Randall filed a surreply. Performance Auto filed a motion to strike Randall's surreply, and Randall filed a motion for leave to file a surreply.

## II.     Legal Standard

"Arbitration is a matter of contract, and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Janvey v. Alguire*, 847 F.3d 231, 240 (5th Cir. 2017) (internal citations and brackets omitted). "The right to arbitrate a dispute, like all other contract rights, is subject to waiver." *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009) (citing *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986)). "Waiver is the intentional relinquishment or abandonment of a known right. To decide whether a waiver has occurred, the court focuses on the actions of the person who held the

right." *Morgan v. Sundance Inc.*, 142 S. Ct. 1708, 1713 (2022) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)).

"What constitutes a waiver of arbitration is a fact-dependent inquiry." *Nicholas*, 565 F.3d at 910. "Waiver will be found when the party seeking arbitration substantially invokes the judicial process." *Miller Brewing Co.*, 781 F.2d at 496-97. "A party generally invokes the judicial process by initially pursuing litigation of claims then reversing course and attempting to arbitrate those claims." *Nicholas*, 565 F.3d at 907 (internal citation omitted).

Local Uniform Civil Rule 7(b)(4) states that "counsel for movant must file a memorandum brief in support of the motion; counsel for respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response; and counsel for movant desiring to file a rebuttal may do so within seven days after the service of the respondent's response and memorandum brief." L.U.Civ.R. 7(b)(4). "And while there is no right to file a surreply and surreplies are heavily disfavored, a district court abuses its discretion when it denies a party the opportunity to file a surreply in response to a reply brief that raised new arguments and then relies solely on those new arguments in its decision." *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr. - DTD 2/8/95*, 836 F. App'x 232, 235 (5th Cir. 2020) (internal citation omitted).

### III. Discussion

It is undisputed that the RISC was executed by Performance Auto and Ramona Randall, that it contained an arbitration clause, and that the arbitration clause applies to these claims. Therefore, the analysis proceeds to the test for waiver of an arbitration clause.

### A. Motion to Compel Arbitration

Both parties spend significant time discussing whether Performance Auto's actions may or may not have prejudiced Randall's case. However, prejudice is no longer the standard. Just last Term, in *Morgan v. Sundance, Inc.*, the Supreme Court held that "[p]rejudice is not a condition of finding that a party by litigating too long, waived its right to stay litigation or compel arbitration." 142 S. Ct. at 1714 (brackets omitted). Now, the standard for waiver concerns whether the movant substantially invoked the judicial process. Even though the Court did not clarify the precise parameters of the new test for determining waiver, it did note that, stripped of the prejudice requirement, a waiver inquiry would focus on the movant's conduct and whether the movant knowingly relinquished the right to arbitrate by acting inconsistently with that right. *Id.*

The record currently before the Court suggests that Performance Auto stalled its pursuit of arbitration to gain access to discovery through the litigation process. For example, while plaintiff's counsel discusses moving forward with mediation or arbitration, Performance Auto's counsel states that they "want to inspect the car and see what . . . can be determined from it before moving forward with mediation." Docket No. 22-1. This constitutes a substantial invocation of the judicial process. *Janvey*, 847 F.3d at 244. As recognized by the Fifth Circuit, "parties cannot enjoy the benefits of federal discovery, and then, after doing so, seek to enforce a decision through private resolution." *Id.*

The Court finds that Performance Auto substantially invoked the judicial process thereby waiving the arbitration clause.

### B. Motion for Leave to File a Surreply

It is within the Court's discretion to grant or deny additional briefing. *See Univ. of Miss. Med. Ctr. v. Sullivan*, No. 319-CV-459-CWR-LGI, 2021 WL 5414301, at *1 (S.D. Miss. Oct. 7, 2021). Rule 7 of the Local Uniform Civil Rules accounts for the filing of a motion, a response, and a reply, and leave of court is required to file an additional brief because the movant is generally entitled to file the last pleading. *Id.* However, if the movant raises new arguments in the reply that went beyond rebutting the response, it might be appropriate for the Court to allow a surreply. *Id.*

In its reply, Performance Auto alleged that several of Randall's claims were false and unsubstantiated by evidence. Docket No. 23 at 2. Performance Auto specifically stated that there were no facts or evidence proving that it substantially invoked the litigation process or participated in discovery. Randall contends that she should be allowed to counter these new allegations and submit evidence in response to these claims. Docket No. 26 at 2. The Court is sufficiently persuaded to grant Randall's motion for leave to file a surreply, despite her failure to first file for leave of court, as the Court values having all applicable information at its disposal.

### C. Motion to Strike

Because the Court granted Randall's motion for leave to file a surreply, Performance Auto's motion to strike the surreply is moot and is, therefore, denied.

### IV. Conclusion

For the foregoing reasons, Performance Auto's motion to compel arbitration is denied. Randall's motion for leave to file a surreply is granted, and Performance Auto's motion to

strike the surreply is denied.

    **SO ORDERED**, this the 27th day of January, 2023.

                                        s/ Carlton W. Reeves
                                        UNITED STATES DISTRICT JUDGE